[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15033
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-14013-RLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL CHAVEZ-VILLANUEVA,
a.k.a. Miguel Angel Chavez-Villanueva,
a.k.a. Miguel Anjel Chavez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 3, 2017)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Miguel Chavez-Villanueva, a native and citizen of Mexico, appeals his 25-month sentence of imprisonment after pleading guilty to one count of unlawful reentry into the United States after having been removed, in violation of 8 U.S.C. § 1326(a), (b)(1).  On appeal, Chavez-Villanueva argues that his sentence, imposed within the advisory guidelines range, is substantively unreasonable because his criminal history category of V substantially over-represented the seriousness his criminal history.  He contends that he is not comparable to the typical offender in category V, because none of his prior convictions involved violent crimes, drug offenses, or other serious criminal conduct, so the court's reliance on the advisory guideline range produced by that category constituted a clear error of judgment. After careful review, we affirm.

We review a sentence for reasonableness, which "merely asks whether the trial court abused its discretion."  *Rita v. United States*, 551 U.S. 338, 351 (2007). Normally, we examine both the procedural and substantive reasonableness of the sentence.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Here, Chavez-Villanueva challenges only the substantive reasonableness of his sentence.  We examine whether the sentence is substantively reasonable under the totality of the circumstances and in light of the sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

At sentencing, the district court is tasked with imposing a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). These purposes include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

The court must consider all of the § 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Moreover, "[i]n assigning weight to the § 3553(a) factors as part of the weighing process, a court may (and should) consider individualized, particularized, specific facts and not merely the guidelines label that can be put on the facts." *Id.* at 1260.

Our review of the district court's choice of sentence is deferential. *Id.* at 1254–55. Nevertheless, a sentencing court can abuse its considerable discretion by (1) failing to afford consideration to relevant factors that were due significant

3

weight; (2) giving significant weight to an improper or irrelevant factor; or (3) committing a clear error of judgment in weighing the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). A district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable "in light of the entire record, the § 3553(a) factors, and the substantial deference afforded to sentencing courts." *Rosales-Bruno*, 789 F.3d at 1256.

Here, Chavez-Villanueva has not shown that his 25-month sentence is substantively unreasonable. The record clearly shows that the district court accounted for the fact that Chavez-Villanueva's criminal history was not violent and was of a different type than those based on drug and gun convictions. Still, the court found, and we agree, that his criminal history was "significant."

At the time of sentencing, Chavez-Villanueva had seven prior convictions for illegal reentry. And despite facing escalating punishments for illegally reentering the United States, starting from probation in 1999 and progressing to 18 months of imprisonment in 2010, Chavez-Villanueva continued to violate both the law and the conditions of his supervised release or probation. Indeed, five of these reentries resulted in the revocation of either probation or supervised release,

triggering additional terms of imprisonment. Consequently, Chavez-Villanueva's criminal history, despite not being violent, demonstrated a compelling need for the sentence to promote deterrence and respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A), (B).

Chavez-Villanueva argues that he should not be found comparable to other offenders in criminal-history category V because, in most of instances when he illegally reentered the United States, he "was apprehended immediately after wading across the Rio Grande river." However, the majority of these instances did not score criminal history points, so they did not factor into his criminal-history category. In fact, the presentence investigation report ("PSR") indicates that, of the five prior convictions based on his immediate arrest at the border, just two of these convictions scored any criminal-history points. Moreover, when Chavez-Villanueva managed to make it farther inland, he violated other laws and put others in danger. According to the PSR, he had two prior convictions for driving without a valid driver's license. In 2007, he was convicted of driving under the influence. And, at the time of sentencing, he had pending charges for driving under the influence and driving without a license. Thus, Chavez-Villanueva's criminal history shows some need to protect the public from his future criminal conduct. 18 U.S.C. § 3553(a)(2)(C).

In light of totality of the circumstances, particularly Chavez-Villanueva's clear disregard for both the laws and courts of the United States, the district court did not commit a clear error of judgment by concluding that a sentence within his guideline range was appropriate. *See Rosales-Bruno*, 789 F.3d at 1256. A sentence of 25 months in prison for Chavez-Villanueva's eighth conviction of illegal reentry was not outside of the range of reasonable sentences based on the facts of the case. *See Irey*, 612 F.3d at 1189–90; *Rosales-Bruno*, 789 F.3d at 1251, 1273 (in a reentry case, affirming a 87-month sentence as substantively reasonable where the guideline range was 21 to 27 months)

For these reasons, we affirm Chavez-Villanueva's 25-month sentence as substantively reasonable.

**AFFIRMED.**